# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| MADICA MEDICAL, LLC | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-2074-S |
| | § | |
| CRAIG SNOW | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Madica Medical, LLC's Motion to Remand ("Motion") [ECF No. 6]. The Court has reviewed and considered the Motion, Defendant Craig Snow's Response in Opposition to Plaintiff's Motion to Remand ("Response") [ECF No. 8], and Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion to Remand ("Reply") [ECF No. 9]. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

### I. BACKGROUND

On August 3, 2022, Plaintiff filed suit against Defendant in the 193rd Judicial District Court of Dallas County, Texas, asserting a single claim for breach of non-compete and non-solicitation provisions contained in the parties' Independent Contractor Agreement ("Agreement"). Plaintiff's Original Pet., ECF No. 1-1 ¶¶ 16-22.

On September 19, 2022, Defendant removed this action on the basis of diversity jurisdiction. *See* Defendant's Notice of Removal, ECF No. 1. Shortly thereafter, Plaintiff sought remand, asserting that the forum-selection clause in the Agreement precludes removal to federal court. The clause at issue provides:

> The parties agree that any and all claims, controversies and disputes between them, including but not limited to any and all claims related to or arising under this Agreement, may **only** be filed in the Judicial District of Dallas, State of Texas, Dallas County and both parties expressly consent to jurisdiction and venue in the Judicial District, State of Texas, Dallas County.

Agreement, ECF No. 6-1 at 2. Plaintiff also seeks an award of costs and attorney's fees incurred in connection with the removal.

## II. LEGAL STANDARD

Ordinarily, a defendant may remove a civil action filed in state court to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(a). But a defendant may contractually waive the right to remove an action to federal court. *See Waters v. Brown-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001). "For a contractual clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (citation omitted). The Fifth Circuit has recognized three ways in which a party may waive its removal rights: "[1] by explicitly stating that it is doing so, [2] by allowing the other party the right to choose venue, or [3] by establishing an exclusive venue within the contract." *Id.*

## III. ANALYSIS

### *A. Motion to Remand*

Neither party contests the validity or enforceability of the forum-selection clause at issue. Thus, the only question before the Court is whether the clause constitutes a waiver of Defendant's right of removal. Because the forum-selection clause neither contains an explicit waiver of the right of removal nor allows Plaintiff the right to choose venue, the Court may only determine that Defendant waived his right of removal if the parties established an exclusive venue within the Agreement.

To interpret the forum-selection clause, the Court looks to Texas law, which the parties agree governs. Under Texas law, a court's "prime directive" in interpreting a contract "is to ascertain the parties' intent as expressed in the instrument." *URI, Inc. v. Kleberg Cnty.*, 543 S.W.3d

2

755, 757 (Tex. 2018). In doing so, courts "give terms their plain, ordinary, and generally accepted meaning unless the instrument shows that the parties used them in a technical or different sense." *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996) (citation omitted). Courts must "seek[] as best they can to harmonize and to give effect to all the provisions of the contract so that none will be rendered meaningless." *Universal C.I.T. Credit Corp. v. Daniel*, 243 S.W.2d 154, 158 (Tex. 1951).

The crux of the parties' dispute over the proper interpretation of the forum-selection clause is the definition of the word "file." According to Defendant, the term "file" means to commence, initiate, or begin a lawsuit, meaning the parties agreed that lawsuits must be initiated in state court but did not agree to "fully litigate those claims to their conclusion" there. Resp. 5-6. Plaintiff responds that it is "not a reasonable interpretation of the parties' intent to interpret 'file' in this context as limited to the 'initiation' or 'beginning' of a lawsuit" because that interpretation "renders the [forum-selection clause] effectively meaningless . . ., as it would allow the parties to initiate a lawsuit in Dallas County, and immediately move to transfer the case." Reply 3.

The Fifth Circuit's recent decision in *Dynamic CRM Recruiting Solutions, L.L.C. v. UMA Education, Inc.*, 31 F.4th 914 (5th Cir. 2022), which neither party cites, is highly instructive. In that case, the Fifth Circuit considered whether a defendant had waived its removal rights when it agreed to a forum-selection clause requiring that any disputes "be brought before the district courts of Harris County Texas." *Id.* at 917. Agreeing with the district court's determination that "brought before" means "to cause a civil action to exist under the jurisdiction of," the Fifth Circuit held that the defendant had waived the right to remove. *Id.* at 920.

But, the Fifth Circuit noted, "even if we read 'br[ing],' as used in the Agreement, to mean 'institute legal proceedings,' it still quite arguably would encompass removal, which is described

3

in some federal statutes on the subject as a way of 'instituting a[] civil action, suit or proceeding in [federal] court.'" *Id.* at 921 (alterations in original) (citation omitted). Removal "is more closely akin to original than to appellate jurisdiction because once the case is removed, it is treated as if it had commenced in federal court." *Id.* (citation omitted). The Fifth Circuit concluded: "To treat removal as the commencement, or bringing of, a proceeding in a federal district court for purposes of a forum selection clause therefore makes sense, given that the law treats removal as commencement of a proceeding in the district court for most other purposes." *Id.*

Although the forum-selection clause at issue in this case uses the term "filed" rather than "brought," the reasoning in *Dynamic CRM Recruiting Solutions* provides useful guidance on its proper interpretation. As Defendant himself argues, "Black's Law Dictionary defines the term 'file' to mean, '[t]o commence a lawsuit.'" Resp. 5 (alteration in original) (quoting *File*, BLACK'S LAW DICTIONARY (11th ed. 2019)); *see also id.* ("[O]ther modern dictionaries similarly define file as meaning the initiation or beginning of a lawsuit or legal proceeding." (emphases omitted)). Reading "file" to mean "commence," Defendant clearly and unambiguously waived his right to remove. The Fifth Circuit has stated that it makes sense to treat removal as "the commencement . . . of[] a proceeding in a federal district court for purposes of a forum selection clause." *Dynamic CRM Recruiting Sols.*, 31 F.4th at 921. Other sources have viewed removal in a similar fashion. *See, e.g., Karl Koch Erecting Co. v. N.Y. Convention Ctr. Dev. Corp.*, 838 F.2d 656, 659 (2d Cir. 1988) (holding that clause requiring that actions be "commenced" in state court constituted waiver of removal rights); 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties ***instituting*** any civil action . . . whether by original process, ***removal*** or otherwise, to pay a filing fee . . . ." (emphases added)).

A District of New Hampshire case cited by the Fifth Circuit reinforces the propriety of remand in this case. *See Dynamic CRM Recruiting Sols.*, 31 F.4th at 923 n.32 (citing *Skydive Factory, Inc. v. Skydive Orange, Inc.*, No. 12-CV-307-SM, 2013 WL 954449, at *2-3 (D.N.H. Mar. 12, 2013)). Analyzing a forum-selection clause that mandated that disputes "shall be filed in Strafford County, the State Courts of New Hampshire," the court concluded that "the words 'be filed[]' . . . were not meant to require a meaningless ministerial act, but implicitly (and consistently with the obvious intention of the parties) require adjudication in the state's courts." *Skydive Factory*, 2013 WL 954449, at *2; *see also Plum Creek Wastewater Auth. v. Aqua-Aerobic Sys., Inc.*, 597 F. Supp. 2d 1228, 1230, 1235 (D. Colo. 2009) (remanding case where forum-selection clause provided that all actions "shall be filed in District Court, Douglas County, State of Colorado").

As in *Skydive Factory*, the Court concludes that it would upset the parties' intent to allow removal in this case. Interpreting the clause in the manner advocated by Defendant would render it effectively meaningless, as it would disallow the filing of a lawsuit in federal court but permit its immediate removal to federal court. *See Universal C.I.T. Credit Corp.*, 243 S.W.2d at 158 (instructing courts to avoid interpreting contracts in a manner that renders provisions meaningless). Moreover, according "file" its "plain, ordinary, and generally accepted meaning" leads to the inescapable conclusion that the parties agreed to waive their removal rights. *Heritage Res., Inc.*, 939 S.W.2d at 121. By removing the case to federal court, Defendant commenced, initiated, or began the case in this Court, in violation of the forum-selection clause. Therefore, the Court holds that Defendant waived his removal rights and grants Plaintiff's request to remand the case to state court.

### B. *Request for Attorney's Fees and Costs*

Pursuant to 28 U.S.C. § 1447(c), Plaintiff requests an award of "its just costs and expenses, including . . . attorneys' fees, incurred as a result of the removal." Mot. 5. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Generally, courts may award attorney's fees under this provision only when the removing party lacked an objectively reasonable basis for seeking removal. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Although the Court holds that removal was improper in this case, the Court is unable to conclude that Defendant lacked an objectively reasonable basis for removing this case. Accordingly, the Court denies Plaintiff's request for attorney's fees and costs.

### IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Remand [ECF No. 6]. The Court **GRANTS** the Motion as to the request to remand the case and **DENIES** the Motion as to the request for attorney's fees and costs. The case is **REMANDED** to the 193rd Judicial District Court of Dallas County, Texas.

**SO ORDERED.**

SIGNED January 10, 2023.

KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE